IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **STEPHEN SKOWRON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **NO. 3:24-CV-02266-O** |
| | § | |
| **RANDALLS FOOD & DRUGS, LP,** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION AND ORDER**

Before the Court is the motion of Defendant, Randalls Food & Drugs, LP, for summary judgment. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion should be **DENIED**.

## I. BACKGROUND[1]

Defendant is a nonsubscriber under the Texas Worker's Compensation Act. Plaintiff, Stephen Skowron, was a night manager at the Tom Thumb Store located at 7117 Inwood Road, Dallas, Texas, which is owned and operated by Defendant. On or about October 12 or 18, 2023, Plaintiff was organizing the store shelves, returning misplaced merchandise, and pulling items from the back to the front of the shelves ("fronting" the shelves) as part of his regular duties.[2] He was required to work very quickly as Defendant did not allow another worker to help on his shift.[3] Plaintiff used a box cutter and sometimes a step stool.[4] If he was working over his head, he would use a step stool.[5] Defendant provided two of them, a short one with one or two steps and a larger

[1] The summary judgment evidence establishes these facts.
[2] Def.'s App. 15, 17, 24–26, ECF No. 15-2.
[3] Def.'s App. 21–22, 55–56, ECF No. 15-2; Pl.'s App. 20, 64–65, ECF No. 18.
[4] Def.'s App. 16, ECF No. 15-2.
[5] Def.'s App. 18, ECF No. 15-2.

one that had three steps.[6] On the date of the incident, Plaintiff had searched for and been unable to locate a stool.[7] He had earlier complained to the store manager about the stools being unavailable.[8] So had another employee.[9] Plaintiff went ahead with his work because he had to get it done.[10] Plaintiff reached up to front either a top shelf or second shelf when his leg snapped and he blacked out.[11] He would not have been reaching so high had a stool been available and he would not have been injured.[12]

## II. LEGAL STANDARD

The Court must grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the Court that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. Once the movant has carried its burden, the nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmovant cannot satisfy this burden with conclusory

[6] Def.'s App. 16, ECF No. 15-2.
[7] Pl.'s App. 19–20, ECF No. 18.
[8] Pl.'s App. 20, ECF No. 18.
[9] Pl.'s App. 64–65, ECF No. 18.
[10] Def.'s App. 55–56, ECF No. 15-2; Pl.'s App. 20, ECF No. 18.
[11] Def.'s App. 18, ECF No. 15-2.
[12] Pl.'s App. 21, 22–23, ECF No. 18.

allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## III. ANALYSIS

To prevail on a claim against a nonsubscriber employer, an injured employee must establish negligence, that is: a duty that was breached that proximately caused the plaintiff's damages. *The Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006). An employer has a duty to use ordinary care in providing a safe workplace. *Id.* Although it is not an insurer of its employees' safety, it must warn of the hazards of employment and provide needed safety equipment. *Id.* It has no duty to provide equipment or assistance that is unnecessary to the job's safe performance. *Id.* at 795. "And, when an employee's injury results from performing the same character of work that employees in that position have always done, an employer is not liable if there is no evidence that the work is unusually precarious." *Id.*

Defendant focuses on the character of the work usually performed by Plaintiff, arguing that the work is not unusually precarious. It overlooks, however, the need to provide equipment necessary to the job's safe performance. *Elwood*, 197 S.W.3d at 795. Plaintiff testified that he usually used a step stool when he fronted things in the back up top.[13] And, recognizing that stools were necessary to the job, Defendant provided stools.[14] Thus, contrary to Defendant's argument,[15] Plaintiff's affidavit in support of his summary judgment response is not a sham, but merely explains further testimony he gave at his deposition. *See Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 477–78 (5th Cir. 2022) (discussing sham affidavits). He has at least created a fact

[13] Def.'s App. 18, ECF No. 15-2.
[14] Def.'s App. 16, ECF No. 15-2; Pl.'s App. 19–20, 64–65, ECF No. 18.
[15] Def.'s Reply 3–9, ECF No. 19.

issue as to whether use of a stool was necessary to the job he was doing.[16] And, the Court is satisfied that he has raised a fact issue as to whether the rush to finish his work because no one else was working to help him contributed to his injuries.

Defendant additionally argues that Plaintiff cannot establish causation. Through the declaration of his treating physician, Plaintiff has established a fact issue as to causation of his injuries.[17] As a nonretained expert, the doctor was not required to provide a written report. FED. R. CIV. P. 26(a)(2)(B). The declaration will not be stricken.

## IV. CONCLUSION

For the reasons discussed, Defendant's motion for summary judgment is **DENIED**.

**SO ORDERED** on this **23rd day** of **October 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

[16] Defendant speculates that it was not, based on Plaintiff's height. Def.'s Reply at 7–8, ECF No. 19.
[17] Pl.'s App. 22–23, ECF No. 18.